UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>The Estate of VINCENT JAMES SAVIANO,<br><br>Defendant. | CASE NO. 2:14-cv-13902-MOB-MKM |

### AGREED ORDER OF PRELIMINARY INJUNCTION AND OTHER RELIEF AS TO DEFENDANT ESTATE OF VINCENT JAMES SAVIANO

This cause coming to be heard on the Joint Motion for Entry of Agreed Order of Preliminary Injunction filed by plaintiff United States Securities and Exchange Commission's ("SEC" or "Commission") and Defendant Estate of Vincent James Saviano ("Saviano Estate" or "Defendant"), the Court finds as follows:

A. The SEC has filed a complaint alleging that Defendant has engaged in transactions, practices and courses of business that violate Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], Rule 10b-5 [17 C.F.R. §§ 240.10b-5] thereunder, and Sections 206(a)(1), (2) and (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1), (2), and (4)] and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8] thereunder.

B. This Court has jurisdiction over the subject matter of this case and over Defendant and the SEC is the proper party to bring this action seeking the relief sought in

the SEC's complaint.

      C.      Defendant, by and through his widow Susan Saviano acting on behalf of the Saviano Estate until an executor has been appointed, has consented to the Court's personal jurisdiction over it and the Court's jurisdiction over the subject matter of this action.

      D.      Defendant, by and through his widow Susan Saviano acting on behalf of the Saviano Estate until an executor has been appointed, has consented to the entry of this Order without admitting or denying the allegations of the complaint (except as to jurisdiction), and have waived findings of fact, conclusions of law, and any right to appeal from this Order.

      E.      Therefore, the Agreed Motion for Preliminary Injunction should be, and is, granted as set forth more fully below.

## I.

## ASET FREEZE

**IT IS HEREBY ORDERED** that until the expiration of this Order or as otherwise ordered by the Court:

      A.      All funds and other assets held, managed or controlled, whether directly or indirectly, by Defendant are hereby frozen.

      B.      Accordingly, Defendant, and any of its agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission, email, or otherwise, are hereby restrained from, directly or indirectly, transferring, selling, encumbering, receiving, concealing, changing, pledging, hypothecating,

assigning, liquidating, incurring debt upon, or otherwise disposing of, or withdrawing, any funds, assets or other property (including money, real or personal property, securities, chose in action or any other form of asset or property of any kind whatsoever).

C.  The asset freeze articulated herein extends to accounts at any financial institution: (1) in the name of Mr. Saviano; (2) that Mr. Saviano had signatory authority or a beneficial interest; (3) that Mr. Saviano directly or indirectly controlled, owned or managed; (4) held for the benefit of Mr. Saviano, including through corporations, trusts, partnerships, agents, nominees, friends or relatives; or (5) which are traceable to funds and assets, wherever located, belonging to the victims of the securities law violations alleged in the SEC's complaint.

D.  Defendant, and its agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission, email, or otherwise, is hereby restrained from, directly or indirectly, transferring, selling, encumbering, receiving, concealing, changing, pledging, hypothecating, assigning, liquidating, incurring debt upon, or otherwise disposing of, or withdrawing, any funds or assets, that constitute investor funds or any accounts or property into which investor funds were deposited or invested.

E.  Defendant, and its agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission, email, or otherwise, are hereby restrained from opening or causing to be opened any safe deposit boxes, commercial

mail boxes, or storage facilities titled in the name of Mr. Saviano, or subject to access by him, without providing the SEC prior notice and an opportunity to inspect the contents in order to determine whether they contain assets subject to this Order.

F. Any bank, financial or brokerage institution or other person or entity holding any such funds or anything else of value, in the name of, for the benefit of, or under the control of Mr. Saviano, or any account holding investor funds wherever located, and that receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, email, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds, assets or property belonging to Mr. Saviano, or in which Mr. Saviano or Defendant has a beneficial interest, wherever located and held in whatever name.

G. Assets covered by this order include, but are not limited to, any holdings in the following accounts:

| BROKERAGE FIRM | ACCOUNT NUMBER | ACCOUNT HOLDER |
|---|---|---|
| Bank of America, N.A. | An account ending in 0602 | Palmetto Investments, LLC |
| Bank of America, N.A. | An account ending in 4850 | Vincent James Saviano |
| Bank of America, N.A. | An account ending in 9602 | Vincent James Saviano |
| Scottrade Financial Services, Inc. | An account ending in 0067 | Palmetto Investments, LLC |
| Scottrade Financial Services, Inc. | An account ending in 0219 | Vincent James Saviano |

| BROKERAGE FIRM | ACCOUNT NUMBER | ACCOUNT HOLDER |
|---|---|---|
| Scottrade Financial Services, Inc. | An account ending in 3346 | Vincent James Saviano |
| Scottrade Financial Services, Inc. | An account ending in 1180 | Vincent James Saviano |
| TD Ameritrade, Inc. | An account ending in 8979 | Palmetto Investments, LLC |
| TD Ameritrade, Inc. | An account ending in 6150 | Vincent James Saviano (joint) |

H. To facilitate this asset freeze, within 24 hours of receiving a copy of this order, the Defendant shall identify with specificity to the SEC all accounts, including bank accounts, brokerage accounts, retirement accounts, and/or trust accounts, in which the Defendant has an ownership or beneficial interest.

I. Nothing in this Order shall be construed as preventing Defendant, through Susan Saviano or an executor of the Saviano Estate, from moving the Court to provide a carve-out for ordinary living expenses and/or legal expenses or to otherwise modify this Order in the future. Similarly, nothing in this Order shall be construed as preventing the SEC from opposing any such motions.

## II.

### ORDER PROHIBITING DESTRUCTION OF RECORDS

A. Defendant, and all of its agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any of them, are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, electronic

5

files, computers, or any other property or data of any kind, and wherever located or stored: (1) pertaining in any way to any matter described in the complaint, or any amendment thereto, filed by the Commission in this action; or (2) that were created modified or accessed by Mr. Saviano. (These documents and data are collectively referred to here as "Evidence").

B.      Such Evidence includes both "hard copy" versions and electronically-stored information in defendants' possession, custody or control, including text files, data compilations, word processing documents, spreadsheets, e-mail, voicemail, data bases, calendars and scheduling information, log, file fragments and backup files, letters, instant messages, memoranda, notes, drawings, designs, correspondence or communication of any kind. Evidence that is stored electronically may be maintained on shared network files, computer hard drives, servers, DVDs, CD-ROMs, flash drives, thumb drives, laptops, digital recorders, netbooks, PDA, or other handheld/smartphone devices.

C.      The obligations set forth in Section III include an obligation to provide notice to all employees, custodians, agents, or contractors who may be in possession of Evidence. This duty also extends to the preservation and retention of Evidence in the possession or custody of third-parties, such as an internet service provider or a cloud computing provider, if such Evidence is within Defendant's control.

D.      Defendant is ordered to act affirmatively to prevent the destruction of Evidence. This duty may necessitate: (1) quarantining certain Evidence to avoid its destruction or alteration; or (2) discontinuing the recycling of backup tapes or other storage media, and the deletion of emails, "trash," "recycling," "drafts," "sent," or "archived" folders.

E.      Defendant is directed not to run or install any drive cleaning, wiping,

6

encrypting, or defragmenting software on hard disks of computers that may contain Evidence.

### III.

### MEANS OF SERVICE

**IT IS HEREBY FURTHER ORDERED** that service of any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to fax, email, overnight courier, personal delivery, or U.S. mail.

### IV.

### OTHER RELIEF

A. This Court shall retain jurisdiction of this matter for all purposes.

B. Pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the SEC.

C. Nothing contained in this Order limits the ability of the SEC to amend its complaint to the extent permissible by the Federal Rules of Civil Procedure and the local rules of this Court.

### V.

### PRESERVATION OF RIGHTS AND PRIVILEGES

Nothing in this Order shall be construed to require that Defendant abandon or waive any constitutional or other available legal privilege, including the Fifth Amendment privilege against self-incrimination. In turn, nothing in this Order shall prevent the SEC from opposing or challenging any assertion by Defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

## XI.

## DURATION

This Order shall remain in effect until a final adjudication on the merits of this litigation, unless otherwise ordered by the Court.

**SO ORDERED:**

Date: November 18, 2014          s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 18, 2014.

                                                       s/ Kay Doaks
                                                       Case Manager