UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

       Plaintiff,                              No. 2:14-cv-13902-MOB-MKM

v.                                             Hon. Marianne O. Battani

The Estate of VINCENT JAMES SAVIANO
and PALMETTO INVESTMENTS, LLC,

       Defendants.
_____/

## RECEIVER'S MOTION FOR AUTHORITY
## TO FILE ACTIONS AGAINST THIRD PARTIES

Earle I. Erman, Receiver of Palmetto Investments, LLC, requests this Court's authority to institute actions against (i) Twila Mallon, (ii) Maltese Investors LLC, and (iii) Susan Bartos and JMG Investments LLC and its principals. In support of his request, the Receiver states as follows:

1.    On October 9, 2014, the United States Securities and Exchange Commission (the "SEC") commenced a lawsuit in this Court against the Estate of Vincent James Saviano (the "Saviano Estate") and Palmetto Investments, LLC ("Palmetto"). In its Complaint, the SEC alleges that Mr. Saviano, acting through Palmetto, engineered and executed a scheme to defraud investors in violation of the Securities Act of 1933, the Securities Exchange Act of 1934, the Investment Advisers Act of 1940, and various regulations promulgated under that legislation.


2. On October 9, 2014, this Court entered its Order for Temporary Restraining Order, Other Emergency Relief, Appointment of Receiver, and Setting Preliminary Injunction Hearing [Docket No. 7] (the "Receivership Order"), which appointed a Receiver to take exclusive possession of the assets of Palmetto, and granted to the Receiver the powers, authorities, rights and privileges described within the order necessary to marshal and preserve the same.

3. On November 5, 2014, this Court entered its Order [Docket No. 15] appointing Earle I. Erman of the law firm Erman, Teicher, Zucker & Freedman, P.C. as Receiver for Palmetto pursuant to the terms and conditions of the Receivership Order.

4. Among other things, and with respect to prosecution of claims, Paragraphs VI (J)(1) and (2) of the Receivership Order authorize the Receiver to investigate actions that may be advisable and/or proper to recover and/or conserve Receivership Property[1] and, after obtaining leave of this Court, to institute such actions and legal proceedings as the Receiver deems necessary and appropriate.

5. The Receiver has identified three such actions, and although the Receiver is hopeful that he will settle these matters without the necessity of commencing litigation, he files this motion to request this Court's authority to

---

[1] Unless defined herein, all capitalized are as defined in the Receivership Order.

institute such causes of action if necessary and to avoid delay should settlements not be reached.

### Twila Mallon

6.     Between January 25, 2011 and September 30, 2014, Palmetto transferred a total of $498,470.00 (the "New Horizon Transfers") to a bank account owned by an entity known as New Horizon Consultants LLC, an entity that Mr. Saviano owned and controlled.  Upon information and belief, those transfers were comprised entirely of money fraudulently obtained from investors.  Further, the New Horizon Transfers were New Horizon's sole source of income and New Horizon provided no consideration to Palmetto for the same.

7.     On January 19, 2014, on New Horizon letterhead, Mr. Saviano wrote an "offering letter" to Michael and Dawnn Viviano (the "Vivianos," who were also investors in Palmetto) on behalf of Twila Mallon to purchase a condominium unit located at 1030 Citrus Way, #201, Delray Beach, Florida 33445 (the "Property") for $53,000.00, with an earnest money deposit of $5,000.00.

8.     On January 29, 2014, a $5,000.00 deposit was paid by New Horizon to Michael Viviano.  New Horizon then made additional installment payments of $20,000.00 to Michael Viviano on March 11, 2014 and June 17, 2014.  Finally, on August 28, 2014, New Horizon paid Michael Viviano $4,156.69, for a total of $49,156.69 (the "Viviano Transfers").

3

9. On August 21, 2014, a Warranty Deed transferring the Property from the Vivianos to Ms. Mallon was recorded with the recording office of the Clerk & Comptroller of Palm Beach County, Florida.

10. A review of Palmetto's bank account information shows that an additional $27,268.97 was transferred by Palmetto directly to Ms. Mallon from September 2011 through August 2014 (the "Mallon Transfers"). The Mallon Transfers ranged in amount from approximately $326.00 to $7,500.00.

11. The Receiver asserts that Palmetto did not receive reasonably equivalent value in exchange for either the Viviano or Mallon Transfers, and that he is entitled to recover the transfers and/or the Property under the Michigan Fraudulent Transfer Act, MCLA §§566.34 and 566.35. Essentially, Ms. Mallon received a paid-for residence and additional cash for nothing at the expense of defrauded investors. The Receiver therefore requests authority to institute litigation against Ms. Mallon which would include such claims. As previously stated, the Receiver is engaged in continued negotiations with Ms. Mallon and her Florida counsel and will only institute suit when he believes further negotiations are fruitless.

4

**Maltese Investors LLC, Molly Stieb and Sunshine Acquisitions, L.L.C.**

12. On or about April 1, 2013, Palmetto used $45,000.00 of investor funds to fund a loan from Sunshine Acquisitions, L.L.C. ("Sunshine") to Maltese Investors LLC ("Maltese").

13. In exchange for the $45,000.00 loan, Maltese, executed a Promissory Note dated April 1, 2013 in the amount of $45,000.000, bearing interest at six (6%) percent per annum, to and in favor of Sunshine as payee (the "Note").

14. The Note provides for quarterly interest payments of $675.00 with a balloon payment of $45,000.00, plus any accrued but unpaid interest, to be paid on or before February 1, 2017.

15. The Note is secured by a Mortgage executed by Maltese to and in favor of Sunshine on residential real property located at 20235 Maplewood, Livonia, MI 48152 (the "Mortgage").

16. Molly Stieb is the sole member of Sunshine and has benefitted personally from this loan transaction in as much as investor money was used to create a note and mortgage for the benefit of Ms. Stieb and Sunshine without either of those parties paying anything.

17. Accordingly, the Receiver asserted that Palmetto did not receive reasonably equivalent value in exchange for the $45,000.00 transfer and that he

was entitled to recover the $45,000.00, or the Note and the Mortgage, under the Michigan Fraudulent Transfer Act, MCLA §§566.34 and 566.35.

18. Demand was made upon Ms. Stieb for transfer of the Note and Mortgage to the Receivership Estate. Ms. Stieb agreed, and that transfer occurred on January 27, 2016. The Note becomes due and payable on February 1, 2017.

19. The Receiver now requests authority to institute litigation against Maltese to foreclose upon the Mortgage and/or institute an action on the Note should it become necessary when the Note becomes due on February 1, 2017. The Receiver is engaged in continued negotiations with Maltese and will only institute suit when he believes further negotiations are fruitless.

### Susan Bartos and JMG Investments, LLC

20. Upon information and belief, Susan Bartos Saviano ("Susan Bartos"), former wife of Mr. Saviano, directly and indirectly received various transfers from Palmetto and other entities owned and operated by Mr. Saviano over the years. In particular, between February 2011 and September 2014, the following transfers were made:

    a. A net total of $76,936.25 was transferred from Palmetto's Bank of America account to an account owned by Susan Bartos, individually.

      b.      $86,150.00 was transferred from Palmetto's Bank of America account to a Bank of America account owned jointly by Mr. Saviano and Susan Bartos.

      c.      A net total of $105,000.00 in cash was withdrawn from Palmetto's Bank of America account, which was used for, upon information and belief, personal expenses.

      d.      $191,450.23 was transferred from Palmetto's Bank of America account to various credit card companies for charges that appear to be personal in nature.

      e.      A net of $237,120.12 was paid to various vendors using the debit card associated with Palmetto's Bank of America account, a great deal of these payments appear to be personal in nature.

21.    Susan Bartos also received the benefit of transfers made by Palmetto Consultants, LLC ("Palmetto Consultants"), an entity owned and operation by Mr. Saviano. Between February 2011 and September 2014, a net total of $776,675.00 was transferred by Palmetto to Palmetto Consultants. Upon information and belief, transfers from Palmetto were Palmetto Consultants' sole source of income. Between December 2013 and September 2014, a total of $190,171.19 was paid by Palmetto Consultants to American Express relative to charges incurred on Palmetto Consultants' business credit card accounts in the name of Jim Saviano and Susan

7

Saviano and/or Susan Bartos. At least $147,926.66 of that amount was paid to American Express with respect to charges incurred on the Susan Saviano and/or Susan Bartos credit cards. Upon information and belief, all of the charges were of a personal nature.

22. Upon information and belief, the foregoing transfers were comprised entirely of money fraudulently obtained from Palmetto's investors.

23. In addition to the foregoing, records indicate that a payment of $50,000.00 was paid out of a bank account owned by Susan Bartos and Mr. Saviano (the "Joint Account"), to a bank account owned solely by Bartos. This transfer took place approximately one week before the SEC instituted this action.

24. Upon information and belief, the $50,000.00 payment to Susan Bartos was comprised entirely of money fraudulently obtained from Palmetto's investors.

25. The Receiver asserts that Palmetto did not receive reasonably equivalent value in exchange for the transfers made to Susan Bartos, or for the $50,000.00 that was transferred from the Joint Account to Susan Bartos' account. Accordingly, the Receiver is entitled to recover these transfers under the Michigan Fraudulent Transfer Act, MCLA §§566.34 and 566.35.

26. In addition, this Court has previously been advised of Palmetto's transfer of approximately $900,000.00 to JMG Investments, LLC ("JMG"), which, upon information and belief, was comprised entirely of money fraudulently

obtained from Palmetto's investors. At least a portion of the transfer was intended to represent a capital contribution by Mr. Saviano in exchange for a one-third membership interest in JMG.

27. Upon information and belief, Palmetto did not receive reasonably equivalent value in exchange for Mr. Saviano's capital contribution to JMG, and therefore the Receiver is entitled to recover Mr. Saviano's membership interest in JMG on claims under the Michigan Fraudulent Transfer Act, MCLA §§566.34 and 566.35.

28. Susan Bartos asserts that she, not the Receiver, is entitled to Mr. Saviano's membership interest in JMG upon Mr. Saviano's death based upon provisions of the JMG operating agreement.

29. Based upon the foregoing, The Receiver requests authority to institute litigation against Susan Bartos which would, among other things, include the foregoing claims.

30. The Receiver also requests authority to name JMG and its principals as defendants in such litigation because the Receiver believes that they are necessary parties to any proceeding that seeks to determine the ownership of Mr. Saviano's membership interest in JMG.

31. The Receiver is engaged in continued negotiations with Ms. Bartos and JMG and will only institute suit when he believes further negotiations are fruitless.

32. The Receiver has requested and received the consent of the SEC to the relief requested herein.

WHEREFORE, the Receiver requests that this Court enter its order authorizing the Receiver to institute actions against (i) Twila Mallon, ii) Maltese Investors LLC, and (iii) Susan Bartos and JMG Investments, LLC and its principals, as set forth above.

        Respectfully submitted,

        ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

        By: */s/ Earle I. Erman*
            Earle I. Erman (P24296)
            400 Galleria Officentre, Suite 444
            Southfield, MI 48034
            Tel: (248) 827-4100
            Fax: (248) 827-4106
            eerman@ermanteicher.com

DATED: February 17, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

      Plaintiff,                      No. 2:14-cv-13902-MOB-MKM

v.                                    Hon. Marianne O. Battani

The Estate of VINCENT JAMES SAVIANO
and PALMETTO INVESTMENTS, LLC,

      Defendants.
_____/

## BRIEF IN SUPPORT OF RECEIVER'S MOTION
## FOR AUTHORITY TO FILE ACTIONS AGAINST THIRD PARTIES

      This Brief is in support of Receiver's Motion for Authority to File Actions Against Third Parties. The Receiver cites the Receivership Order, Docket No. 7, particularly Paragraphs VI (J)(1) and (2), which authorizes the Receiver to institute actions and legal proceedings upon leave of court.

      Accordingly, the Receiver requests that the Court grant his Motion for Authority to File Actions Against Third Parties.

                                Respectfully submitted,

                                ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.
                                By:  */s/ Earle I. Erman*
                                    Earle I. Erman (P24296)
                                    400 Galleria Officentre, Suite 444
                                    Southfield, MI  48034
                                    Tel:   (248) 827-4100
                                    Fax:  (248) 827-4106
Dated:  February 17, 2016        eerman@ermanteicher.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

   Plaintiff,        No. 2:14-cv-13902-MOB-MKM

v.              Hon. Marianne O. Battani

The Estate of VINCENT JAMES SAVIANO
and PALMETTO INVESTMENTS, LLC,

   Defendants.
_____/

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 17, 2016, the Receiver's Motion for Authority to File Actions Against Third Parties, Brief in Support, and Certificate of Service were electronically filed with the Clerk of the Court for the United States District Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

        ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

        By: */s/ Earle I. Erman*
          Earle I. Erman (P24296)
          400 Galleria Officentre, Suite 444
          Southfield, MI  48034
          Tel: (248) 827-4100
          Fax: (248) 827-4106
Dated:  February 17, 2016   eerman@ermanteicher.com