UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

           Plaintiff,                  No. 2:14-cv-13902-MOB-MKM

v.                                  Hon. Marianne O. Battani

The Estate of VINCENT JAMES SAVIANO
and PALMETTO INVESTMENTS, LLC,

           Defendants.

_____/

## RECEIVER'S MOTION FOR
## APPROVAL OF SETTLEMENT AGREEMENTS WITH
## SUSAN BARTOS SAVIANO AND JMG INVESTMENTS LLC

Earle I. Erman, Receiver of Palmetto Investments, LLC, requests this Court's approval of settlement agreements entered into with (i) Susan Bartos Saviano and (ii) JMG Investments LLC. In support of his request, the Receiver states as follows:

1.     On October 9, 2014, the United States Securities and Exchange Commission (the "SEC") commenced a lawsuit in this Court against the Estate of Vincent James Saviano (the "Saviano Estate") and Palmetto Investments, LLC ("Palmetto"). In its Complaint, the SEC alleges that Vincent James Saviano ("Saviano"), acting through Palmetto, engineered and executed a scheme to defraud investors in violation of the Securities Act of 1933, the Securities

Exchange Act of 1934, the Investment Advisers Act of 1940, and various regulations promulgated under that legislation.

2.     On October 9, 2014, this Court entered its Order for Temporary Restraining Order, Other Emergency Relief, Appointment of Receiver, and Setting Preliminary Injunction Hearing [Docket No. 7] (the "Receivership Order"), which appointed a Receiver to take exclusive possession of the assets of Palmetto, and granted to the Receiver the powers, authorities, rights and privileges described within the order necessary to marshal and preserve the same.

3.     On November 5, 2014, this Court entered its Order [Docket No. 15] appointing Earle I. Erman of the law firm Erman, Teicher, Zucker & Freedman, P.C. as Receiver for Palmetto pursuant to the terms and conditions of the Receivership Order.

4.     Among other things, and with respect to prosecution of claims, Paragraphs VI (J)(1) and (2) of the Receivership Order authorize the Receiver to investigate actions that may be advisable and/or proper to recover and/or conserve Receivership Property[1] and, after obtaining leave of this Court, to institute such actions and legal proceedings as the Receiver deems necessary and appropriate. Those same paragraphs authorize the Receiver to compromise actions in any state,

---

[1] Unless defined herein, all capitalized are as defined in the Receivership Order.

2

federal or foreign court or proceeding of any kind as may be advisable or proper to recover and/or conserve Receivership Property.

5.      The Receiver identified three such actions and therefore filed a Motion for Authority to File Actions Against Third Parties (the "Third Party Motion") [Docket No. 79] on February 17, 2106.  The Third Party Motion, among other things, requested the Court's Authority to file lawsuits against (i) Twila Mallon ("Mallon") and (ii) Susan Bartos Saviano ("Bartos") and JMG Investments, LLC ("JMG").[2]

6.      On April 7, 2016, this Court entered its Order Authorizing Receiver to File Actions Against Certain Third Parties (the "Order") [Docket No. 82].

7.      As authorized by the Order, the Receiver prepared lawsuits against Bartos and JMG, but continued to discuss settlement with the parties.  Fortunately, the parties have resolved their issues without the necessity of litigation or further court oversight, and have executed settlement agreements.    Combined, the settlement agreements with JMG and Bartos result in a net recovery to the Receivership Estate of $82,237.00.  The Receiver now seeks this Court's approval of the two settlement agreements.

---

[2] The Receiver entered into a settlement with Mallon and filed his Motion for Approval of Settlement Agreement with Twila Mallon with the Court on June 2, 2016 [Docket No. 85].  No objections to the motion were filed and the Receiver submitted a proposed order granting the motion to the Court for entry.

## The Claims Against Bartos and JMG Investments

8.     Upon information and belief, Bartos directly and indirectly received various transfers from Palmetto and other entities owned and operated by Saviano over the years.  In particular, between February 2011 and September 2014, the following transfers were made:

a.     A net total of $76,936.25 was transferred from Palmetto's Bank of America account to an account owned by Bartos, individually.

b.     $86,150.00 was transferred from Palmetto's Bank of America account to a Bank of America account owned jointly by Saviano and Bartos.

c.     A net total of $105,000.00 in cash was withdrawn from Palmetto's Bank of America account, which was used for, upon information and belief, personal expenses.

d.     $191,450.23 was transferred from Palmetto's Bank of America account to various credit card companies for charges that appear to be personal in nature.

e.     A net of $237,120.12 was paid to various vendors using the debit card associated with Palmetto's Bank of America account.  A great number of these payments appear to be personal in nature.

9.     Bartos also received the benefit of transfers made by Palmetto Consultants, LLC ("Palmetto Consultants"), an entity owned and operated by

Saviano.   Between February 2011 and September 2014, a net total of $776,675.00 was transferred by Palmetto to Palmetto Consultants.  Upon information and belief, transfers from Palmetto were Palmetto Consultants' sole source of income. Between December 2013 and September 2014, a total of $190,171.19 was paid by Palmetto Consultants to American Express relative to charges incurred on Palmetto Consultants' business credit card accounts in the name of Jim Saviano and Susan Saviano and/or Susan Bartos.  At least $147,926.66 of that amount was paid to American Express with respect to charges incurred on the Susan Saviano and/or Susan Bartos credit cards.

10.   The Receiver currently holds $5,982.67 (the "American Express Funds") in his trust account, representing a refund received from American Express with respect to the foregoing charges.  Bartos asserts that she is entitled to the American Express Funds as they represent the refund of certain monies advanced by a relative to Bartos for the purchase of travel tickets for that relative.

11.   Upon information and belief, the foregoing transfers were comprised entirely of money fraudulently obtained by Saviano from Palmetto's investors.

12.   In addition to the foregoing,  records indicate that a payment of $50,000.00 was made out of a bank account owned by Bartos and Saviano (the "Joint Account"), to a bank account owned solely by Bartos.  This transfer took place approximately one week before the SEC instituted this action.  Upon

5

information and belief, the $50,000.00 payment to Bartos was comprised entirely of money fraudulently obtained by Saviano from Palmetto's investors.

13.    The Receiver asserted that Palmetto did not receive reasonably equivalent value in exchange for the transfers made to or for the benefit of Bartos, or for the $50,000.00 that was transferred from the Joint Account to Bartos' account.  Accordingly, the Receiver is entitled to recover these transfers under the Michigan Fraudulent Transfer Act, MCLA §§566.34 and 566.35.

14.    In addition, this Court has previously been advised of Palmetto's transfer of approximately $900,000.00 to JMG Investments, LLC ("JMG"), which, upon information and belief, was comprised entirely of money fraudulently obtained by Saviano from Palmetto's investors.  At least $25,000.00 of the transfer was intended to represent a capital contribution by Saviano in exchange for a one-third membership interest in JMG (the "Membership Interest").

15.    Upon information and belief, Palmetto did not receive reasonably equivalent value in exchange for Saviano's capital contribution to JMG, and therefore the Receiver is entitled to a return of the monies transferred to JMG, and/or recovery of the Membership Interest on claims under the Michigan Fraudulent Transfer Act, MCLA §§566.34 and 566.35.

6

16.    Susan Bartos asserts that she, not the Receiver, is entitled to the Membership Interest upon Saviano's death based upon provisions of the JMG operating agreement.

## The Settlement Agreements

17.    The Receiver has now agreed to settle his claims against Bartos in exchange for a lump sum payment of $50,000.00 plus 75%, or $4,487.00, of the American Express Funds.  The Receiver has also agreed to settle his claims against Bartos and JMG with respect to the Membership Interest in exchange for the lump sum payment from JMG of $55,500.00, which will be split equally between the Receiver and Bartos.  A copy of the executed settlement agreement (the "Bartos Agreement") relating to the transfers made to or for the benefit of Bartos is attached as **Exhibit A.**  A copy of the executed settlement agreement (the "JMG Agreement") relating to the Membership Interest is attached hereto **Exhibit B.** The two settlement agreements will result in a net recovery to the Receivership Estate of $82,237.00.

18.    The Bartos Agreement calls for payment of the $50,000.00 by Bartos to the Receiver, and payment by the Receiver to Bartos of the remaining 25% (1,495.67) of the American Express Funds.  The remaining $4,487.00 of the American Express Funds will be retained by the Receiver as property of the receivership estate.  The Agreement further provides for mutual releases of the

parties, and in addition, requires Bartos and the Estate of Vincent James Saviano (the "Saviano Estate")[3] to waive and renounce any and all interests they may have in the Membership Agreement. In addition, the Receiver will enter into a separate settlement agreement with JMG (the attached JMG Agreement, Exhibit B) regarding his asserted rights in the Membership Interest. It provides that any amounts recovered by the Receiver from JMG will be split equally with Bartos. Accordingly, the Bartos Agreement only becomes effective upon court approval of both the Bartos Agreement and the JMG Agreement. Finally, the Bartos Agreement requires Bartos to provide a verified statement of financial condition to the Receiver and requires her to represent and warrant that that financial statement is true and accurate, and that if any information contained therein is false, or information was not provided, the release provided by the Receiver to Bartos is of no effect.

19.     The Receiver believes that the settlement reached with Bartos is in the best interest of the Receivership Estate and should be approved by the Court. Although the Receiver is confident of his claims against Bartos regarding the transfers made to her and her asserted interest in the Membership Interest, he is mindful of the inherent risks, uncertainty and costs of any litigation.

---

[3]   Probate proceedings with respect to the Saviano Estate were initiated in the Oakland County Probate Court (the "Probate Court"), Case No. 2014-360162-DE. On November 17, 2014, Bartos was appointed and qualified by the Probate Court as the personal representative of the Saviano Estate.

20.    More importantly, Bartos has provided personal financial information to the Receiver (and Bartos has verified its accuracy in the Bartos Agreement) that establishes that Bartos does not have assets sufficient to satisfy any judgment entered against her, now or in the future.   The Receiver is satisfied that the settlement amount, which is comprised in large part of the money that was transferred to Bartos on the eve of the commencement of this proceeding, is the most that Bartos can offer and the most the Receiver could hope to collect utilizing judgment collection remedies.

21.    With respect to the Membership Interest, it is the Receiver's opinion that Bartos has a potential claim that the Membership Interest belongs to her based on JMG's operating agreement.   Accordingly, the split between the Receiver and Bartos of the amounts received pursuant to the JMG Agreement is well within line of what the Receiver could hope to recover on his claims with respect to the Membership Interest.

22.    The Receiver, Bartos, JMG, and its two existing members, Matt Foster and Glenn Insana[4], are all parties to the JMG Agreement.   Among other things, the JMG Agreement provides that it only becomes effective upon court approval of both the Bartos Agreement and the JMG Agreement, and calls for payment of the $55,500.00 (the "Payment") within three business days of the entry

---

[4] JMG, Foster and Insana take no position on the ownership of the Membership Interest.  Their only concern has been, to whom the Payment should go.

of an order approving the agreement.   In consideration of the Payment, the Receiver, the Receivership Estate, the Saviano Estate, and Bartos each waive all rights and interests in the Membership Interest.   Finally, the JMG Agreement provides for mutual releases of the parties.

23.   JMG has provided documentation and information that has allowed to the Receiver to estimate the current value of the Membership Interest, and has provided documentation regarding its members' capital contributions.   It is the Receiver's opinion that the Payment is in excess of Saviano's initial capital contribution and represents fair consideration for the Membership Interest.   The Receiver believes that the JMG Agreement is in the best interest of the Receivership Estate and should be approved by the Court.

24.   Pursuant to Local Rule 7.1, the Receiver has requested and received, through counsel, concurrence of the SEC, JMG, and Bartos to the relief requested herein.

**Conclusion**

25.   Based on the forgoing, the Receiver requests that the Bartos Agreement and the JMG Agreement be approved by the Court.   There is no particular standard for approving settlements in a federal court receivership; rather district courts have wide discretion to determine what relief is appropriate.   See *Gordon v. Dadante,* 336 Fed. Appx. 540, 549 (6th Cir. 2009)(citing *Liberte*

*Capital Group, LLC v. Capwill,* 462 F.3d 543, 551 (6th Cir. 2006). Compromise of the Receiver's claims against Bartos and JMG is clearly contemplated and authorized by the Receivership Order, and as set forth above, it is the Receiver's opinion that these agreements are in the best interest of the Receivership Estate.

WHEREFORE, the Receiver requests that this Court enter its order authorizing the Receiver to (i) settle his claims against Susan Bartos and JMG Investments, LLC and (ii) approve the settlement agreements attached hereto as Exhibits A and B.

Respectfully submitted,

ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

By: ___/s/ Earle I. Erman_____
       Earle I. Erman (P24296)
       400 Galleria Officentre, Suite 444
       Southfield, MI 48034
       Tel: (248) 827-4100
       Fax: (248) 827-4106
       eerman@ermanteicher.com

DATED: September 19, 2016

F:\OTHERINS\PALMETTO\motion approve compromise v.2.docx

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

            Plaintiff,                No. 2:14-cv-13902-MOB-MKM

v.                                  Hon. Marianne O. Battani

The Estate of VINCENT JAMES SAVIANO
and PALMETTO INVESTMENTS, LLC,

            Defendants.

_____/

## BRIEF IN SUPPORT OF RECEIVER'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS WITH SUSAN BARTOS SAVIANO AND JMG INVESTMENTS LLC

This Brief is in support of Receiver's Motion for Approval of Settlement Agreements With Susan Bartos Saviano and JMG Investments LLC. The Receiver cites the Receivership Order, Docket No. 7, particularly Paragraphs VI (J)(1) and (2), which authorizes the Receiver to institute actions and compromise claims. The Receiver also cites to *Gordon v. Dadante,* 336 Fed. Appx. 540, 549 (6th Cir. 2009) for the proposition that district courts have wide discretion to determine what relief is appropriate in a receivership, including whether, and on what basis, to approve settlements.

Accordingly, the Receiver requests that the Court grant his Motion for Approval of Settlement Agreements With Susan Bartos Saviano and JMG Investments LLC.

Respectfully submitted,

ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.
By:   */s/ Earle I. Erman*
       Earle I. Erman (P24296)
       400 Galleria Officentre, Suite 444
       Southfield, MI  48034
       Tel:   (248) 827-4100
       Fax:   (248) 827-4106

Dated:   September 19, 2016    eerman@ermanteicher.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,                No. 2:14-cv-13902-MOB-MKM

v.                             Hon. Marianne O. Battani

The Estate of VINCENT JAMES SAVIANO
and PALMETTO INVESTMENTS, LLC,

        Defendants.
_____/

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 19, 2016, the Receiver's Motion for Approval of Settlement Agreements With Susan Bartos Saviano and JMG Investments LLC, Brief in Support, and Certificate of Service were electronically filed with the Clerk of the Court for the United States District Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

By:  */s/ Earle I. Erman*
        Earle I. Erman (P24296)
        400 Galleria Officentre, Suite 444
        Southfield, MI 48034
        Tel: (248) 827-4100
Dated: September 19, 2016    eerman@ermanteicher.com

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), dated August 25, 2016, by and between Susan M. Bartos a/k/a Susan Bartos Saviano a/k/a Susan M. Saviano ("Bartos"), the Estate of Vincent James Saviano (the "Saviano Estate"), and Earle I. Erman, in his capacity as Receiver of Palmetto Investments, LLC ("Receiver").

### RECITALS:

a.      The Receiver is the court-appointed receiver of Palmetto Investments, LLC ("Palmetto") by order of the United States District Court for the Eastern District of Michigan, Southern Division, Case No. 2:14-cv-13902-MOB-MKM (the "Court") dated November 5, 2014 [Doc #15].

b.      The Receiver has asserted various claims against Bartos for the wholesale receipt of Palmetto investor money personally over time. Bartos has denied the validity of any such claims.

c.      The Receiver has also asserted that he has rights, interests and benefits to a one-third (1/3) membership interest (the "JMG Saviano Membership Interest") in JMG Investments LLC, a Michigan limited liability company ("JMG") that was owned by Vincent James Saviano ("Mr. Saviano").

d.      Mr. Saviano died on October 6, 2014 and probate proceedings with respect to the Saviano Estate were initiated in the Oakland County Probate Court (the "Probate Court"), Case No. 2014-360162-DE.   On November 17, 2014, Bartos was appointed and qualified by the Probate Court as the personal representative of the Saviano Estate.   The Receiver asserts substantial claims against the Saviano Estate.

e.      Bartos, as the former wife of Mr. Saviano at the time of his death, asserts that she, and not the Receiver, owns the rights, interests and benefits of the JMG Saviano Membership Interest by virtue of a provision in the JMG operating agreement vesting title to the JMG Saviano Membership Interest in Mr. Saviano's widow upon his death.

g.      The Receiver currently holds $5,982.67 (the "American Express Funds") in his trust account, representing a refund received from American Express with respect to a Palmetto Investments, LLC corporate charge card.   Bartos asserts that she is entitled to the American Express Funds as they represent the refund of certain monies advanced by a relative for the purchase of personal travel tickets.   The Receiver asserts that he is entitled to the American Express Funds as property of the receivership estate.

f.      The parties have reached a settlement regarding the Receiver's and Bartos' claims, among other things, upon the terms and conditions set forth below.

NOW, THEREFORE, the parties, in consideration of the foregoing and for other good and valuable consideration, and intending to be legally bound, agree as follows:

1

1. <u>Incorporation of Recitals</u>. Each of the foregoing Recitals is true and correct and is incorporated as if fully set forth herein.

2. <u>Approval Orders</u>. This Agreement shall become effective on the date (the "Effective Date") that (a) an order approving the terms of this Agreement is entered by the Court (the "Bartos Approval Order"), and (b) an order approving the JMG Settlement (as defined below) is entered by the Court (the "JMG Approval Order" and with the Bartos Approval Order, collectively, the "Approval Orders"). In the event that both Approval Orders are not entered by the Court, then this Agreement shall be null, void and of no effect whatsoever as this Agreement is contingent on the JMG Settlement and the JMG Approval Order, and the JMG Settlement will be contingent on this Agreement and the Bartos Approval Order.

3. <u>Payment</u>. Within three (3) business days of the Effective Date, Bartos shall pay to the Receiver the cash lump sum of $50,000.00 in good and collectable funds (the "Payment").

4. <u>American Express Funds</u>. Upon receipt of the Payment in good and collectible funds, the Receiver shall pay 25% of the American Express Funds, totaling $1,495.67, to Bartos. On the Effective Date, the Receiver shall retain the remaining 75%, totaling $4,487.00, as property of the receivership estate.

5. <u>JMG Saviano Membership Interest</u>. Bartos and the Saviano Estate waive and renounce any and all rights, interests and benefits they had, have or may have in the JMG Saviano Membership Interest and agree not to assert any claim against the Receiver, the receivership estate, JMG or its principals in connection with the JMG Saviano Membership Interest.

6. <u>JMG</u>. The Receiver shall enter into a separate settlement with JMG regarding his asserted rights, interests and benefits in the JMG Saviano Membership Interest (the "JMG Settlement"). Any amounts received by the Receiver from the JMG Settlement shall be referred to as the "JMG Settlement Proceeds". Upon receipt of the JMG Settlement Proceeds in good and collectable funds, the Receiver shall pay fifty (50%) percent of the JMG Settlement Proceeds to Bartos. Bartos, as personal representative of the Saviano Estate, agrees and acknowledges that the Saviano Estate holds no interest in the JMG Settlement Proceeds. JMG shall issue a final Schedule K-1 to the Estate of Vincent James Saviano with an effective final date of January 1, 2016. The parties to this Agreement shall each bear their respective tax consequences relating to this Agreement.

7. <u>Verified Financial Statement</u>. Simultaneously with the execution of this Agreement, Bartos shall execute, have notarized and deliver to the Receiver an up-to-date Statement of Financial Condition using the United States Securities and Exchange Commission form (the "Bartos Financial Statement") for the purpose of informing the Receiver of her current financial condition as part of this settlement. Bartos represents and warrants to and in favor of the Receiver that (i) the Bartos Financial Statement is true and accurate in all respects, (ii) she has no property or assets, and has no income, other than as set forth in the Bartos Financial Statement, and (iii) the Bartos Financial Statement contains material information relied upon by the Receiver in entering into this Agreement. These representations and warranties shall survive the closing of this Agreement and Bartos understands and agrees that if at a subsequent date any of the information and/or documentation contained in or provided with the Bartos Financial

2

Statement proves to be false, or was not provided or was otherwise withheld from the Bartos Financial Statement, then (a) paragraph 9(b) below and the releases by the Receiver and the receivership estate contained therein shall automatically be null, void and of no effect whatsoever, and (b) the Receiver can assert such rights and institutes such claims and actions against Bartos for the damages suffered by the Receiver and the receivership estate as the result of the breach of such representations and warranties.

8.    Funds in Trust and Flow of Funds.   The parties acknowledge that funds are being held in trust separately by the Receiver and Bartos which will be utilized in whole or in part to make payment under this Agreement. Attached hereto as **Exhibit A** is a schedule showing the flow of funds in connection with this settlement.

9.    Mutual Releases.

a.    Except for the Receiver's obligations under this Agreement, Bartos, on behalf of herself, the Saviano Estate and each of their respective representatives, agents, attorneys, trustees, heirs, personal representatives, beneficiaries and assigns, hereby fully, finally and forever release, relinquish, waive and discharge the Receiver and the receivership estate and each of their respective representatives, agents, attorneys, predecessors, beneficiaries, successors and assigns, from any and all rights, claims, counterclaims, third party claims, demands, allegations, causes of action, actions, lawsuits, proceedings, debts, obligations, indebtedness, liabilities, damages, costs, expenses and attorney's fees, whether direct or indirect, liquidated or unliquidated, known or unknown, at law or in equity, of every kind, nature or description whatsoever, and whether previously existing, now existing or which may hereafter accrue, from the beginning of time to the date of this Agreement, in any way relating to, arising from or in connection with Palmetto, JMG, the JMG Saviano Membership Interest, the Saviano Estate and/or the receivership estate, including, but not limited to any monies held by the Receiver or the receivership estate.

b.    Except for Bartos' and the Saviano Estate's obligations under this Agreement, the Receiver on behalf of himself in his capacity as the court-appoint receiver, the receivership estate  and each of their respective representatives, agents, attorneys, predecessors, beneficiaries, successors and assigns, hereby fully, finally and forever releases, relinquishes, waives and discharges Bartos, the Saviano Estate, and each of their respective representatives, agents, attorneys, trustees, heirs, personal representatives, beneficiaries and assigns, from any and all rights, claims, counterclaims, third party claims, demands, allegations, causes of action, actions, lawsuits, proceedings, debts, obligations, indebtedness, liabilities, damages, costs, expenses and attorney's fees, whether direct or indirect, liquidated or unliquidated, known or unknown, at law or in equity, of every kind, nature or description whatsoever, and whether previously existing, now existing or which may hereafter accrue, from the beginning of time to the date of this Agreement, in any way relating to, arising from or in connection with Palmetto, JMG, the JMG Saviano Membership Interest, the Saviano Estate and/or the receivership estate. This release is subject in all respects to paragraph 7 above.

c.    The releases contained in this Agreement do not release any claims arising out of any party's failure to perform its obligations under this Agreement.

3

10.   Other Documents.   Bartos agrees to sign and deliver to the Receiver any other documents that the Receiver reasonably needs or requires to consummate the transactions contemplated by this Agreement.

11.   Informed Execution.   Bartos acknowledges and agrees that before signing this Agreement she has fully read it and fully understands its terms, content and effect, and that she has been given the opportunity to review and discuss the terms of this Agreement with her attorney, and that she has executed same as her free act and deed, without duress or coercion of any kind.

12.   Retention of Jurisdiction.   All disputes relating to, or arising from, this Agreement, shall be heard by the Court.

13.   Entire Agreement.   This Agreement constitutes the entire agreement of the parties hereto and supersedes all prior and contemporaneous understandings and agreements of the parties with respect to the subject matter hereof.

14.   Execution.   This Agreement may be executed in one or more counterparts, by facsimile or e-mail pdf signature, each of which shall be deemed to constitute an original hereof, but all of which together shall constitute one and the same instrument.

This Agreement has been signed by the parties on the date first above written.

"Bartos"

_Susan M. Saviano_
Susan M. Bartos a/k/a Susan Bartos Saviano
a/k/a Susan M. Saviano

"Receiver"

_Earle Erman, Receiver_
Earle I. Erman, in his capacity as
Receiver of Palmetto Investments, LLC

The "Saviano Estate"

_Susan M. Saviano_
Susan M. Bartos a/k/a Susan Bartos Saviano, as personal
representative of the Estate of Vincent James Saviano in
Oakland County Probate Court Case No. 2014-360162-DE

F:\OTHER INS\PALMETTO\Settlement Agreement_Susan Bartos v.4.docx

4

## EXHIBIT A

## SETTLEMENT RECONCILIATION – RECEIVER, JMG, BARTOS

**Receiver to receive:**

| | |
|---|---|
| $50,000.00 | Bartos (settlement agreement – Bartos) |
| +27,750.00 | JMG (1/2 of $55,500 settlement with JMG) |
| +4,487.00 | 75% of AMEX proceeds (per settlement agreement with Bartos) |
| **$82,237.00** | |

**Bartos to receive:**

| | |
|---|---|
| $27,750.00 | (1/2 of $55,500 settlement with JMG) |
| +1,495.67 | 25% of AMEX proceeds |
| **$29,245.67** | |

**Funds:**

| | |
|---|---|
| $45,030.22 | Bartos funds in Legghio Trust (part of $50,000 settlement between Bartos and Receiver) |
| $53,280.33 | In Erman Teicher Trust (JMG sale proceeds of $47,297.66, plus AMEX proceeds of $5,982.67) |

**Due Receiver:**

| | |
|---|---|
| $20,754.33 | Due Receiver from Bartos |
| +8,202.34 | Due Receiver from JMG/Insana Foster |
| +53,280.33 | Due Receiver from Erman Teicher Trust |
| **$82,237.00** | |

**Due Bartos:**

| | |
|---|---|
| $45,030.22 | Funds in Legghio Trust |
| -20,754.33 | Check to Receiver |
| **$24,275.89** | Remaining funds for Bartos in Legghio Trust |

5

# EXHIBIT B

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), dated August 25, 2016, by and between JMG Investments LLC, a Michigan limited liability company ("JMG"), Matthew Foster ("Foster"), Glenn Insana ("Insana"), Susan M. Bartos a/k/a Susan Bartos Saviano a/k/a Susan M. Saviano ("Bartos"), the Estate of Vincent James Saviano (the "Saviano Estate"), and Earle I. Erman, in his capacity as Receiver of Palmetto Investments, LLC ("Receiver").

RECITALS:

a.      The Receiver is the court-appointed receiver of Palmetto Investments, LLC ("Palmetto") by order of the United States District Court for the Eastern District of Michigan, South Division Case No. 2:14-cv-13902-MOB-MKM (the "Court") dated November 5, 2014 [Doc #15].

b.      Foster and Insana are each owners of a one-third (1/3) membership interest in JMG. The Receiver has asserted that he has rights, interests and benefits to the remaining one-third (1/3) membership interest (the "JMG Saviano Membership Interest") in JMG that was owned by Vincent J. Saviano ("Mr. Saviano").

c.      Mr. Saviano died on October 6, 2014 and probate proceedings with respect to the Saviano Estate were initiated in the Oakland County Probate Court (the "Probate Court"), Case No. 2014-360162-DE.   On November 17, 2014, Bartos was appointed and qualified by the Probate Court as the personal representative of the Saviano Estate.   The Receiver asserts substantial claims against the Saviano Estate.

d.      Bartos, as the former wife of Mr. Saviano at the time of his death, asserts that she, and not the Receiver, owns the rights, interests and benefits of the JMG Saviano Membership Interest by virtue of a provision in the JMG operating agreement vesting title to the JMG Saviano Membership Interest in Mr. Saviano's widow upon his death.

e.      The parties have reached a settlement regarding the Receiver's and Bartos' claims, among other things, upon the terms and conditions set forth below.

NOW, THEREFORE, the parties, in consideration of the foregoing and for other good and valuable consideration, and intending to be legally bound, agree as follows:

1.      Incorporation of Recitals.   Each of the foregoing Recitals is true and correct and is incorporated as if fully set forth herein.

2.      Approval Orders.   This Agreement shall become effective on the date (the "Effective Date") that (a) an order approving the terms of this Agreement is entered by the Court (the "JMG Approval Order"), and (b) an order approving the Bartos Settlement (as defined below) is entered by the Court (the "Bartos Approval Order" and with the JMG Approval Order, collectively, the "Approval Orders").   In the event that both Approval Orders are not entered by the Court, then this Agreement shall be null, void and of no effect whatsoever as this Agreement

35776 Deveraux or any other asset of JMG, the JMG Saviano Membership Interest, the Estate of Vincent James Saviano and/or the receivership estate.

        c.     The releases contained in this Agreement do not release any claims arising out of any party's failure to perform its obligations under this Agreement.

        d.     Upon the Receiver's receipt of Payment in cleared funds, the Receiver shall release its Notice of Receiver's Interest in Real Property recorded on the title of 35776 Devereaux Road, Clinton Township, MI 48035 on November 13, 2014 at Liber 4136759, Page 391 of Macomb County Records.

    6.     <u>Tax Documents</u>:  JMG shall issue a final Schedule K-1 to the Estate of Vincent James Saviano with an effective final date of January 1, 2016.  The parties to this Agreement shall each bear their respective tax consequences relating to this Agreement.

    7.     <u>Funds in Trust</u>.  The parties acknowledge that funds are being held in trust by the Receiver which will be utilized to make payment under this Agreement.

    8.     <u>Other Documents</u>.  The parties agree to sign and deliver any other documents that the other parties reasonably need or require to consummate the transactions contemplated by this Agreement.

    9.     <u>Informed Execution</u>.  The parties acknowledge and agree that before signing this Agreement they have fully read it and fully understand its terms, content and effect, and that they have been given the opportunity to review and discuss the terms of this Agreement with their attorneys, and that they have executed same as their free act and deed, without duress or coercion of any kind.

    10.    <u>Retention of Jurisdiction</u>.  All disputes relating to, or arising from, this Agreement, shall be heard by the Court.

    11.    <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement of the parties hereto and supersedes all prior and contemporaneous understandings and agreements of the parties with respect to the subject matter hereof.

    12.    <u>Execution</u>.  This Agreement may be executed in one or more counterparts, by facsimile or e-mail pdf signature, each of which shall be deemed to constitute an original hereof, but all of which together shall constitute one and the same instrument.

[signatures contained on the following page]

3

This Agreement has been signed by the parties on the date first above written.

"JMG"
JMG Investments LLC,
a Michigan limited liability company

By: _____
    Matthew Foster
    Its: Authorized Member

"Foster"


_____
Matthew Foster

"Insana"


_____
Glenn Insana

"Bartos"
_____
Susan M. Bartos a/k/a Susan Bartos Saviano
a/k/a Susan M. Saviano

"Receiver"
_____
Earle I. Erman, in his capacity as
Receiver of Palmetto Investments, LLC


The "Saviano Estate"
_____
Susan M. Bartos a/k/a Susan Bartos Saviano, as personal
representative of the Estate of Vincent James Saviano in
Oakland County Probate Court Case No. 2014-360162-DE

This Agreement has been signed by the parties on the date first above written.

**"JMG"**
**JMG** Investments LLC,
a Michigan limited liability company

By: _____
   Matthew Foster
   **Its:** Authorized Member

**"Foster"**

_____
Matthew Foster

**"Insana"**

_____
Glenn Insana

**"Bartos"**

_____
Susan **M.** Bartos a/k/a Susan Bartos Saviano
a/k/a Susan M. Saviano

**"Receiver"**


Earle I. Erman, in his capacity as
Receiver of Palmetto Investments, LLC

The "Saviano Estate"

_____
Susan M. Bartos a/k/a Susan Bartos Saviano, as personal
representative of the Estate of Vincent James Saviano in
Oakland County Probate Court Case No. 2014-360162-DE

4