UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : CASE NO. 2:14-cv-13902-MOB-MKM |
| The Estate of VINCENT JAMES SAVIANO, And PALMETTO INVESTMENTS, LLC, | : |
| Defendants, | : |

## CONSENT OF DEFENDANT ESTATE OF VINCENT JAMES SAVIANO

1.     Defendant Estate of Vincent James Saviano ("Defendant") – through its counsel – acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as provided herein in paragraph [9] and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)     orders Defendant to pay disgorgement – on a joint and several basis with Defendant Palmetto Investments LLC – in the amount of $4,417,129.20, plus prejudgment interest thereon in the amount of $145,608.15. To satisfy this disgorgement and prejudgment interest obligation, the Receiver in this matter has directed – and, if necessary, shall continue to direct – payment

1

of assets from the Estate of the Receivership Defendant (*i.e.,* Palmetto Investments, LLC) as required by the Court in its orders for distribution until such time as the Court grants a motion to dissolve the Receivership. Upon termination of the Receivership, this disgorgement obligation shall be deemed satisfied.

3.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

2

9.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

3

10.    Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

11.    Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

12.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Defendant Estate of Vincent James Saviano

By: _____
Brian Legghio
134 Market Street
Mt. Clemens, MI 48043
phone: (248) 827-4100
fax: (248) 827-4106
blegghio@legghiolaw.com
*Counsel for Defendant Estate of Vincent James Saviano*

On _August 21_____, 2017, Brian Legghio, a person known to me, personally appeared
before me and acknowledged executing the foregoing Consent with full authority to do so on
behalf of the Estate of Vincent James Saviano as its Court-appointed Receiver.

Valerie A. McEachern
Notary Public, *STATE OF MICHIGAN, COUNTY OF MACOMB*
Commission expires: 9-19-2019
(ACTING IN MACOMB COUNTY)

4