UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

          Plaintiff,

Case No.
2:14-cv-13902-MOB-MKM

v.

Hon. Marianne O. Battani

The Estate of VINCENT JAMES SAVIANO
and PALMETTO INVESTMENTS, LLC,

          Defendants.

_____/

**MOTION FOR ORDER APPROVING RECEIVER'S COMBINED (1)
NINTH AND FINAL STATUS REPORT AND FINAL ACCOUNTING FOR
PALMETTO INVESTMENTS, LLC, (2) FINAL FEE APPLICATION,
(3) REQUEST FOR AUTHORIZATION TO DESTROY BOOKS
AND RECORDS AND ABANDON ANY REMAINING
COMPUTER EQUIPMENT AND FURNITURE, AND (5)
<u>REQUEST TO BE DISCHARGED FROM HIS DUTIES</u>**

Earle I. Erman, Receiver of Palmetto Investments, LLC, states for his
*Motion for Order Approving Receiver's Combined (1) Ninth and Final Status
Report and Final Accounting for Palmetto Investments, LLC, (2) Final Fee
Application, (3) Request for Authorization to Destroy Books and Records and
Abandon any Remaining Computer Equipment and Furniture, and (5) Request to
be Discharged from his Duties* as follows:

1.     On October 9, 2014, the United States Securities and Exchange
Commission (the "SEC") commenced a lawsuit in this Court against the Estate of

Vincent James Saviano (the "Saviano Estate") and Palmetto Investments, LLC ("Palmetto"). In its Complaint, the SEC alleges that Mr. Saviano acting through Palmetto, engineered and executed a scheme to defraud investors in violation of the Securities Act of 1933, the Securities Exchange Act of 1934, the Investment Advisers Act of 1940, and various regulations promulgated under that legislation.

2. On October 9, 2014, this Court entered its Order for Temporary Restraining Order, Other Emergency Relief, Appointment of Receiver, and Setting Preliminary Injunction Hearing [Docket No. 7] (the "Receivership Order"), which appointed a Receiver to take exclusive possession of the assets of Palmetto, and granted to the Receiver the powers, authorities, rights and privileges described within the order necessary to marshal and preserve the same.

3. On November 5, 2014, this Court entered its Order [Docket No. 15] appointing Earle I. Erman of the law firm Erman, Teicher, Zucker & Freedman, P.C. as Receiver for Palmetto pursuant to the terms and conditions of the Receivership Order.

4. Among other things, the Receivership Order requires the Receiver to file Quarterly Status Reports, and at the close of the receivership, to file a final fee application, and file a final accounting.

5. On September 25, 2017, the SEC filed its Motion for Entry of Final Judgments by Consent [Docket No. 98], which requested entry of Final Judgments

as to Defendants, the Estate of Vincent James Saviano and Palmetto Investments, LLC.

6.     The Receiver has now filed his *Combined (1) Ninth and Final Status Report and Final Accounting for Palmetto Investments, LLC, (2) Final Fee Application, (3) Request for Authorization to Destroy Books and Records, and (4) Request to be Discharged from his Duties* (the "Final Report and Fee Application") [Docket No. 99], which is intended to comply with the directives of the Receivership Order.

### Receiver's Final Status Report and Final Accounting

7.     Prior to filing the Final Report and Fee Application, the Receiver filed eight *Interim Quarterly Reports and Accountings for Palmetto Investments, LLC* (the "Interim Reports") [Docket No.'s 30, 58, 67, 72, 77, 83, 88, and 93].

8.     The Final Report and Fee Application and the Interim Reports all provide the Court with the following information:

a.     A Summary of the Operations of the Receiver.

b.     The Amount of Cash on Hand, the Amount and Nature of Accrued Administrative Expenses, and the Amount of Unencumbered Funds in the Estate.

c.      A Schedule of the Receiver's Receipts and Disbursements.

d.     A Description of all Known Receivership Property.

3

     e.     A Description of Liquidated and Unliquidated Claims Held by the Receivership Entity.

     f.     A List of all Known Creditors with their Addresses and the Amounts of their Claims.

     g.     The Status of Creditor Claims Proceedings.

     h.     The Receiver's Recommendations for a Continuation or Discontinuation of the Receivership.

9.     As set forth in the Final Report and Fee Application, the Receiver is satisfied that all of the assets of the Receivership Estate and viable third party claims have been identified and liquidated, and the proceeds have been disbursed pursuant to various orders of this Court.

10.     A total of $1,084,000.00 has been distributed to investors of Palmetto having allowed general unsecured claims, representing a 24.53% distribution. A total of $253,900.00 in fees has been awarded and distributed to the Receiver thus far, not including the amounts requested in the Final Report and Fee Application for the time period September 16, 2016 through the present. A schedule of the Receiver's receipts and disbursements reflecting these distributions is attached to the Final Report and Fee Application.

11.     Because all of the assets of the Receivership Estate have been administered and their proceeds have been distributed, and the Receiver has otherwise completed all of his duties under the Receivership Order, the Receiver requests that this Court approve the Final Report and Fee Application as the final

4

accounting required by the Receivership Order and that he be discharged from his duties.

### Final Fee Application of Receiver

12.    Attorneys from the Receiver's firm, Erman, Teicher, Zucker & Freedman, P.C., have assisted the Receiver in administering the Palmetto Receivership Estate.  During the course of this Receivership, the Receiver has filed seven interim fee applications pursuant to which fees totaling $253,900.00 for the time period through September 16, 2016 have been approved.  Total fees incurred in this matter, inclusive of the fees requested in the Final Report and Fee Application for the time period September 16, 2016 through September 26, 2017 are $276,300.00.

13.    Paragraph VI(N)(6) of the Receivership Order provides that the Receiver's interim fee applications may be subject to a holdback in the amount of 20%, with the total amount of holdbacks to be paid out at the discretion of the Court as part of the final fee application.  However, the Court approved each of the interim fee applications in full and did not order hold back of any of the requested fees.

14.    As set forth in the Final Report and Fee Application, the services performed by the Receiver greatly enhanced the value of the Receivership Estate.  As a result of the Receiver's efforts, the Receivership Estate has recovered a total

of $1,370,334.97 and has disbursed a total of $1,084,000.00 to investors of Palmetto having allowed general unsecured claims.   A large portion of the recovered funds resulted from the Receiver's investigation, pursuit, and settlement of claims against third parties.

15.     All of the work done by the Receiver in this matter was necessary for the proper administration of this case and the benefit of the Receivership Estate and its creditors.

16.     Attached to the Final Report and Fee Application is the Receiver's Billing Ledger which sets forth the total compensation requested, the total hours billed, and the activities billed by each person who billed time during the period September 16, 2016 through September 26, 2017.   Billing ledgers relating to the fees requested in the interim fee applications are attached to those applications.

17.     The Receiver requests that the Court approve the Final Report and Fee Application as the final fee application required by the Receivership Order.

### Destruction of Books and Records and Abandonment of Remaining Equipment and Furniture

18.     The Receiver is in possession of certain books and records of Palmetto and has also accumulated his own files and records relating to Palmetto and the Receivership Estate.

19.     Since the Receiver has discharged all of his duties under the Receivership Order and there are no other receivership assets to administer, there

should not be a need to keep the books and records of Palmetto for an extended period of time.

20.     The Receiver requests that this Court authorize destruction of all of the books and records of Palmetto in the possession of the Receiver, as well as authorization to destroy his own files and records relating to Palmetto and/or the Receivership Estate at such time as the Receiver deems appropriate.  The Receiver anticipates that destruction of files and records relating to Palmetto and/or the Receivership Estate will take place six months from the termination of the Receivership.

21.     In addition, the Receiver is in possession of certain of Mr. Saviano's computer equipment and furniture which was utilized in Palmetto's trading operations.  In accordance with Paragraph VI (I)(3) of the Receivership Order, the Receiver seeks authority to abandon or dispose of this equipment and furniture in the ordinary course at the conclusion of his activities.

22.     The SEC has reviewed this Motion and the Final Report and Fee Application and concurred in the relief requested on March 20, 2017.

WHEREFORE, the Receiver requests that this Court grant the following relief:

a.     Approve and allow the Receiver's Final Report and Accounting;

b.     Approve and allow payment of the total fees of the Receiver through termination of the Receivership in the amount of $276,300.00.

     c.     Find that all of the Receiver's acts, actions and transactions including the acts and actions of his representatives, attorneys, employees and agents, as Receiver for the receivership period be ratified, confirmed and approved as being correct and proper and in the best interests of the Receivership Estate and its creditors;

     d.     Release the Receiver, his representatives, attorneys, employees, agents, and the Receivership Estate from all liability or obligation for any and all claims, demands or causes of action that may have directly or indirectly arisen from the Receivership Estate prior to, during or after the receivership period if not brought to the attention of this Court by the time of hearing on this Motion;

     e.     Authorize the termination of the receivership;

     f.     Discharge the Receiver, his representatives, attorneys, employees and agents of and from any and all further duties, liabilities, responsibilities and obligations under the Receivership Order, providing, however, that nothing in the Order shall be construed to limit, modify or terminate the provisions of the Receivership Order, which shall survive the termination of this Receivership;

     g.     Authorize the Receiver to abandon or destroy all books and records of the Receivership Estate under his control or instruct the Receiver as to whom they should be delivered;

     h.     Authorize the Receiver to abandon or otherwise dispose of any of the remaining equipment and furniture of the Receivership Estate;

     i.     Grant such other and further relief as may be required under the circumstances.

                               Respectfully submitted,

                               By:  */s/ Earle I. Erman*
                               Earle I. Erman (P24296)
                               Receiver
                               400 Galleria Officentre, Suite 444
                               Southfield, MI  48034
                               Tel: (248) 827-4100
                               Fax: (248) 827-4106
DATED:  September 28, 2017          eerman@ermanteicher.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

              Plaintiff,

v.

The Estate of VINCENT JAMES SAVIANO
and PALMETTO INVESTMENTS, LLC,

              Defendants.

_____/

Case No.
2:14-cv-13902-MOB-MKM

Hon. Marianne O. Battani

**BRIEF IN SUPPORT OF MOTION FOR ORDER APPROVING
RECEIVER'S COMBINED (1) NINTH AND FINAL STATUS REPORT
AND FINAL ACCOUNTING FOR PALMETTO INVESTMENTS, LLC, (2)
FINAL FEE APPLICATION, (3) REQUEST FOR AUTHORIZATION TO
DESTROY BOOKS AND RECORDS AND ABANDON ANY REMAINING
COMPUTER EQUIPMENT AND FURNITURE, AND (5)
<u>REQUEST TO BE DISCHARGED FROM HIS DUTIES</u>**

## ISSUES

1.  DOES THE COURT HAVE THE AUTHORITY TO APPROVE THE RECEIVER'S NINTH AND FINAL STATUS REPORT AND ACCOUNTING, APPROVE THE RECEIVER'S FINAL FEE APPLICATION, AUTHORIZE THE DESTRUCTION OF BOOKS AND RECORDS AND ABANDONMENT OF FURNITURE AND EQUIPEMENT, DISCHARGE THE RECEIVER, AND GRANT OTHER RELIEF?

MOVANT STATES THAT THE ANSWER IS "YES".

# RELEVANT AUTHORITIES

*SEC v. Elliott,* 953 F.2d 1560, 1577 (11th Cir. 1992) . . . . . . . . . . .     2

*Federal Savings and Loan Insurance Corporation v.  PSL Realty Co*.,
  630 F.2d 515, 521 (7th Cir. 1980)  . . . . . . . . . . . . . . . . . . . . . . . .     2

## **ARGUMENT**

The Receiver filed his *Motion for Order Approving Receiver's Combined (1) Ninth and Final Status Report and Final Accounting for Palmetto Investments, LLC, (2) Final Fee Application, (3) Request for Authorization to Destroy Books and Records and  Abandon any Remaining Computer Equipment and Furniture, and (5) Request to be Discharged from his Duties* (the "Motion") concurrently with the filing of this Brief.

Paragraph VI(N)(8) of the Receivership Order provides that "[a]t the close of the Receivership, the Receiver shall submit a Final Accounting…as well as the Receiver's final application for compensation and expense reimbursement."

As set forth in the Motion and in the Final Report and Fee Application the Receiver is satisfied that all of the assets of the Receivership Estate and viable third party claims have been identified and liquidated.  A total of $1,084,000.00 has been distributed to investors of Palmetto having allowed general unsecured claims, representing a 24.53% distribution.  A total of $253,900.00 in fees has been awarded and distributed to the Receiver thus far, not including the amounts requested in the Final Report and Fee Application for the time period September 16, 2016 through the present.

At this time, the purpose of the receivership has been satisfied. The Receiver has completed and discharged all of his duties under the Receivership Order and there are no other receivership assets to administer.

The Receiver is an officer of this Court and acts under the supervision of this Court. *See SEC v. Elliott,* 953 F.2d 1560, 1577 (11th Cir. 1992). All of the duties, responsibilities and obligations of the Receiver have been performed and the grounds for the Receivership no longer exist. (*See Federal Savings and Loan Insurance Corporation v. PSL Realty Co*., 630 F.2d 515, 521 (7th Cir. 1980). "When the receiver in obedience to a court order has so disposed of the property in receivership, his liability and responsibility as receiver to that property ceases. Since the property is no longer in custodia legis, the receivership is terminated." Id. at 521.) As such, the Receivership should be terminated and the Receiver should be discharged and relieved of all of his duties, responsibilities and obligations under the Receivership Order. Incident to termination of the Receivership, it is appropriate for the Court to accept the Receiver's Ninth and Final Status Report and Accounting at this time.

The Receivership Order also provides at paragraph VI(N)(6):

Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

2

As set forth in the Motion and the Final Report and Fee Application, the services performed by the Receiver greatly enhanced the value of the Receivership Estate. As a result of the Receiver's efforts, the Receivership Estate has recovered a total of $1,370,334.97 and has disbursed a total of $1,084,000.00 to investors of Palmetto having allowed general unsecured claims. A large portion of the recovered funds resulted from the Receiver's investigation, pursuit, and settlement of claims against third parties.

Furthermore, as part of the administration of the Receivership Estate, the Receiver has been in possession of the books and records of Palmetto, and has also accumulated his own files and records relating to Palmetto and the Receivership Estate. Since the Receiver has discharged all of his duties under the Receivership Order and there are no other receivership assets to administer, the Receiver has no need for such books, records and files and should have authority to destroy them.

Finally, the Receiver is in possession of certain of Mr. Saviano's computer equipment and furniture which was utilized in Palmetto's trading operations. The Receiver seeks authority to dispose of this equipment and furniture in the ordinary course at the conclusion of his activities or otherwise abandon the same as worthless.

Based upon the foregoing, the Receiver's Ninth and Final Report and Final Accounting should be approved, final fees should be awarded as requested, the

Receivership should be terminated and the Receiver should be discharged and relieved of all of his duties, responsibilities and obligations under the Receivership Order, and the Receiver should be authorized to destroy the Palmetto's books and records that are in his possession and abandon any remaining computer equipment and furniture.

Respectfully submitted,

By:   */s/ Earle I. Erman*
Earle I. Erman (P24296)
Receiver
400 Galleria Officentre, Suite 444
Southfield, MI  48034
Tel: (248) 827-4100
Fax: (248) 827-4106
DATED:  September 28, 2017        eerman@ermanteicher.com

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

          Plaintiff,                 No. 2:14-cv-13902-MOB-MKM

v.                                Hon. Marianne O. Battani

The Estate of VINCENT JAMES SAVIANO
and PALMETTO INVESTMENTS, LLC,

          Defendants.

_____/

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 28, 2017, the Motion for Order Approving Receiver's Combined (1) Ninth and Final Status Report and Final Accounting for Palmetto Investments, LLC, (2) Final Fee Application, (3) Request for Authorization to Destroy Books and Records and Abandon Any Remaining Computer Equipment and Furniture, and (5) Request to be Discharged from his Duties, Brief in Support of Motion and Certificate of Service were electronically filed with the Clerk of the Court for the United States District Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will

send notification of such filing to all attorneys and parties of record registered electronically.

Respectfully submitted,

By: _/s/ Earle I. Erman_____
Earle I. Erman (P24296)
Receiver
400 Galleria Officentre, Suite 444
Southfield, MI  48034
Tel:   (248) 827-4100
Fax:   (248) 827-4106
DATED:     September 28, 2017     eerman@ermanteicher.com

6